UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEANDREW HALLIBURTON, | |
| Petitioner, | |
| v. | CAUSE NO. 3:21-CV-21 DRL-MGG |
| WARDEN, | |
| Respondent. | |

OPINION & ORDER

Deandrew Halliburton, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 challenging his conviction in St. Joseph County for auto theft under Cause No. 71D03-1808-F6-000856. He also moves for leave to proceed *in forma pauperis*. His motion is granted and the $5.00 filing fee is waived.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court must conduct a preliminary review of the petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" According to the petition, Mr. Halliburton was sentenced on March 3, 2020, to one year in prison for committing auto theft. He did not pursue a direct appeal or post-conviction relief. On January 6, 2021, he tendered his federal petition to prison officials for mailing. Giving the petition liberal construction, he claims that his sentence was improper. He acknowledges that he did not present this claim to the Indiana Supreme Court.

Before considering the merits of a claim contained in a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in state court. 28

U.S.C. § 2254(b)(1)(A); *Hoglund v. Neal*, 959 F.3d 819, 832 (7th Cir. 2020). The exhaustion requirement is premised on a recognition that the state courts must be given the first opportunity to address and correct violations of their prisoner's federal rights. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). For that opportunity to be meaningful, the petitioner must fairly present his federal constitutional claim in one complete round of state review. *Boerckel*, 526 U.S. at 845; *Hoglund*, 959 F.3d at 832-33. This includes seeking discretionary review in the state court of last resort, which in Indiana is the Indiana Supreme Court. *See Boerckel*, 526 U.S. at 848. Here, the petition reflects that Mr. Halliburton has not yet presented his claim in one complete round of state review. He acknowledges that he did not pursue a direct appeal or seek state post-conviction relief after the trial court sentenced him to a term of incarceration. Therefore, he has not exhausted his available state court remedies.

Before dismissing a habeas corpus petition because it is unexhausted, the court should consider "whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). However, a stay is permitted in only "limited circumstances," because if it were employed too frequently the purposes of AEDPA would be undermined. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). A stay "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings," and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal

2

petition." *Id.* Thus, a stay is warranted only when the petitioner can establish good cause for his failure to exhaust his claims in state court before seeking federal habeas relief. *Id.*

Mr. Halliburton's sentence was imposed in March 2020. He did not pursue a direct appeal, so his conviction became final for purposes of AEDPA when the time for filing a direct appeal expired, which was 30 days after the trial court's judgment. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (for habeas petitioners who do not complete all levels of state review, the judgment becomes final when the time for filing a further appeal expires); Ind. R. App. P. 9(A) (providing that notice of appeal is due no later than 30 days from the trial court's judgment). He has at least one year from the date his conviction became final to seek federal habeas review. *See* 28 U.S.C. § 2244(d)(1).

Mr. Halliburton thus has approximately three months remaining on the one-year clock, and the deadline would be tolled during the time any state post-conviction petition is pending. 28 U.S.C. § 2244(d)(2). If he acts diligently, he should have sufficient time to return to federal court after exhausting his claims in state court. Moreover, he has not shown good cause for failing to present his claims to the state courts before seeking federal habeas relief. It appears he simply preferred to bypass the state courts and proceed directly to this court, but "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Rhines*, 544 U.S. at 274 (citation omitted). Therefore, the court declines to enter a stay.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when

3

the petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court finds no basis to conclude that reasonable jurists would debate the outcome of the petition, or that there is a reason to encourage Mr. Halliburton to proceed further without first exhausting his available state court remedies. Therefore, a certificate of appealability will not be issued.

For the foregoing reasons, the court:

(1) GRANTS the motion to proceed *in forma pauperis* (ECF 2);

(2) DISMISSES the habeas corpus petition (ECF 1) without prejudice;

(3) DENIES the petitioner a certificate of appealability; and

(4) DIRECTS the clerk to close this case.

SO ORDERED.

January 12, 2021         *s/ Damon R. Leichty*
                         Judge, United States District Court